UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISIOON

| | | |
|---|---|---|
| HEIWA SALOVITZ, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 1:14-cv-00823 |
| | § | |
| UBER TECHNOLOGIES, INC., | § | |
| | § | <u>JURY REQUESTED</u> |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED PETITION**

Plaintiff Heiwa Salovitz files this First Amended Petition as a matter of course under Fed.R.Civ.Pro. 15(a)(1)(B). Defendant's answer was filed in Travis County District Court and served by certified mail on August 22, 2014. Dkt. 1-5. Therefore, Plaintiff may amend as a matter of course within 21 days after service of that responsive pleading. Fed.R.Civ.Pro. 15(a)(1)(B). Defendant filed its notice of removal August 28, 2014. Dkt. 1. Mr. Salovitz contests this court's subject matter jurisdiction and will file a motion for remand under 28 U.S.C. §1447(c).

Plaintiff will show Defendant Uber Technologies, Inc. violated Texas disability laws by denying him access to their transportation service.

STATEMENT OF CLAIM

1. Because Defendant denied Mr. Salovitz the ability to use and enjoy its services and failed to provide accessible transport or equivalent transportation service, he brings this action against Defendant for violations of his rights under Chapter 121 of the Texas Human Resources Code ("Chapter 121"), Tex.Hum.Res. Code §§121.001 *et seq*. Plaintiff seeks declaratory and injunctive relief along with actual and statutory damages pursuant to Tex.Hum.Res. Code §121.004(b), and costs and reasonable and necessary attorney's fees, as are equitable and just.

JURISDICTION AND VENUE

2. This action is brought pursuant to Chapter 121.

3. Jurisdiction and venue are proper in Travis County District Court because the events or omissions complained of occurred in Travis County, wherein Defendant operates. There is no federal question involved, and the amount in controversy is less than $75,000.00. Plaintiff contests this federal court's subject matter jurisdiction and will seek remand of this case to Travis County District Court.

## PARTIES

4. Heiwa Salovitz is a resident of the City of Austin. Mr. Salovitz has a physical disability and uses a wheelchair for mobility. Mr. Salovitz requires certain accommodations that are necessary to allow him to access services provided by Uber Technologies, Inc. Mr. Salovitz is a "person with a disability" as defined by Chapter 121. Tex.Hum.Res. Code §121.002(4).

5. Defendant Uber Technologies, Inc. is a foreign corporation, organized under the laws of the State of Delaware, with its principal place of business located in San Francisco, California. Uber is registered with the Texas Secretary of State and is doing business in Texas. Defendant Uber has appeared in this matter.

## FACTUAL ALLEGATIONS

6. Mr. Salovitz relies on compliance by public accommodations and transportation services with state disability laws' requirements to be accessible, in order to gain equal access to all services as people without disabilities. Indeed, this is the explicit purpose of Chapter 121: to "enable persons with disabilities to participate in the social and economic life of the state [..and] fully enjoy all public facilities within the state." Tex.Hum.Res. Code §121.001.

7. Defendant operates a transportation service popularly known as "Uber." Defendant recently began operating its service transporting the public in Austin, Texas.

8. Customers contact the transportation services of Uber by calling the service through an application on their phones that then dispatches a vehicle in the area to pick them up and take

them to their destination.

9. Mr. Salovitz is a member of ADAPT of Texas. ADAPT is a grass-roots disability rights organization made up primarily or people with disabilities. ADAPT advocates for the rights of people with disabilities and promotes the elimination of attitudinal and physical barriers faced by persons with disabilities. For over two decades ADAPT has worked, among other things, to ensure that transportation services including urban, intercity, and taxi transportation services are accessible to people with disabilities.

10. Mr. Salovitz is an active member of his community. He works as a community organizer for ADAPT, he enjoys visiting restaurants and music venues, and has an active social life. He must constantly plan ahead to ensure that he can be on time for work and social events because it is difficult to get around using a wheelchair. Like any other person, he needs to move around quickly and efficiently

11. Because of his disability, Mr. Salovitz requires certain accommodations to allow him to access Defendant's goods and services. When he has required a taxi, he has been frustrated with the service of traditional cab companies. That is why he was hopeful that through Uber he could get efficient, reliable, and accessible transportation service. He hoped he would finally have access to a transport company that did not discriminate against persons with disabilities, as required by law.

12. On July 15, 2014 Heiwa Salovitz was at the ADAPT office in Austin and contacted Uber for a ride. He did not see a way to request an accessible cab through the application, but he tried nonetheless to see if it he could get the service he needed.

13. It took Uber less than ten minutes to respond. However, the vehicle that arrived was not accessible. When the Uber driver noticed Mr. Salovitz was in a wheelchair, he asked how he could help. Mr. Salovitz replied that what he needed was an accessible vehicle. It was clear that

Mr. Salovitz could not board the vehicle. Moreover, there was no way on the application to request an accessible cab, or to know whether Uber even had accessible cabs.

14. Mr. Salovitz asked the Uber driver what he or Uber could do about the issue and how he could call an accessible cab through Uber. The driver had no solution, but offered to cancel the ride for him. The Uber driver wished Mr. Salovitz a good day and left.

15. Mr. Salovitz then realized that, in spite of using the most advanced and innovative technology to implement a transportation service, Uber had totally disregarded issues of accessibility for people with disabilities and denied him access.

16. Defendant Uber has no plan or policy to provide access to people who use wheelchairs in its transportation service. It has refused to accommodate and develop its application to allow requests for an accessible vehicle. It has made no provision or modification in its policies and practices to ensure that it does not discriminate against people with disabilities, in flagrant violation of the law. Uber does not have a single accessible vehicle operating in Austin, and has made no attempt to accommodate people with disabilities like Mr. Salovitz.

17. Defendant, despite its innovative approach, obstinately remains mired in the past of prejudice and discrimination against people with disabilities. It refuses to make its transportation services accessible to people with disabilities and denies them their right to equal access.

CAUSES OF ACTION

Violations of Chapter 121

18. Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy all public facilities within the state." Tex.Hum.Res. Code §121.001.

19. Defendant stands in opposition to the state's policy to "encourage and enable persons with disabilities to participate fully in the social and economic life of the state... ." Tex.Hum.Res. Code §121.001.

20. Chapter 121 states that persons with disabilities have the same right as able-bodied ones to the full use of any public facility in Texas, which includes Defendant's facility. Tex.Hum.Res. Code §121.003(a). "Public facility" includes a street, highway, sidewalk, walkway, common carrier, airplane, motor vehicle, railroad train, motor bus, streetcar, boat, or any other public conveyance or mode of transportation. Tex.Hum.Res. Code §121.002(5). Defendant's transportation service is a "public facility" for purposes of Chapter 121.

21. No mode of transportation operating within Texas may refuse to accept as a passenger a person with a disability solely because of the person's disability or use of a wheelchair. Tex.Hum.Res. Code §121.003(b). An Uber driver promptly arrived when called by Mr. Salovitz, but admitted he knew of no way that Uber provides accessible service to people with disabilities. By refusing to provide access to its transportation service or a way to call an accessible vehicle, Defendant has refused to accept as passengers people with disabilities who use wheelchairs like Mr. Salovitz, in flagrant violation of the above provision of Chapter 121.

22. Moreover, under Chapter 121, Defendant is required to make reasonable accommodations in policies, practices, and procedures, or provide auxiliary aids and services necessary to allow the full use and enjoyment of its transportation services. Tex.Hum.Res. Code §121.003(d)(2) and (3). Defendant has failed to reasonably accommodate people with disabilities in its "policies, practices, and procedures" by doing nothing to provide accessible service, failing to provide accessible vehicles, and failing to provide a way to request an accessible vehicle in its transportation service, in further violation of the above provisions of Chapter 121. People with

disabilities like Mr. Salovitz are denied the same rights as able-bodied patrons of Uber Technologies, Inc. in violation of Chapter 121. Tex.Hum.Res. Code §121.003(a).

23. Chapter 121 provides for presumptive damages of no less than $300 to each aggrieved party for each violation of the law, for which Defendant is liable to Plaintiff as a result of the allegations herein. Tex.Hum.Res. Code § 121.004(b).

24. Texas law creates a cause of action for people with disabilities against any person, firm, association, corporation, or other organization that deprives them of their civil liberties. *Id*.

25. Defendant has denied Plaintiff and others similarly situated, because of their disabilities, the opportunity to participate in or benefit from a good, service, facility, or accommodation that is equal to that afforded other individuals, thus violating Chapter 121.

## RELIEF REQUESTED

26. Pursuant to Texas Rule of Civil Procedure 47(c)(2), Plaintiff seeks monetary relief of $70,000.00 or less and non-monetary relief in the form of declaratory relief and injunctive relief, as stated below.

### Declaratory Relief

27. Mr. Salovitz is entitled to a declaratory judgment concerning Defendant's violations of the law, delineating each violation and affirming his rights as a person with a disability to access the facilities, goods, and services available through Uber Technologies, Inc.

### Injunctive Relief

28. Mr. Salovitz further requests injunctive relief because, absent an injunction, Defendant will continue to refuse to comply with Chapter 121. Injunctive relief is necessary so all individuals with disabilities, including Mr. Salovitz, can enjoy the services offered through Uber Technologies, Inc. equally as required by law.

29. Injunctive relief should include, but not be limited to, a permanent injunction requiring Defendant, its agents, employees, and all persons acting in concert to make adjustments to Uber's transportation services so that persons with disabilities, including Plaintiff, will be able to fully enjoy its services without discrimination.

### Damages

30. Chapter 121 provides for presumptive damages of at least $300 to an aggrieved party for each violation of the law, for which Defendant is liable to Plaintiff as a result of the violations herein. Tex.Hum.Res. Code §121.004(b). Plaintiff seeks a maximum sum total of $500.00 in actual and statutory damages for the violations complained of here.

### Jury Demand

31. Mr. Salovitz demands a trial by jury on all issues so triable.

### Attorneys' Fees and Costs

32. Mr. Salovitz seeks reasonable and necessary attorneys' fees, costs, and litigation expenses, as are equitable and just, not to exceed $69,500.00. Tex.Civ.Prac.&Rem. Code §37.009.

### DISCOVERY

33. Discovery will be conducted under Level 2 (Rule 190 of the Texas Civil Rules of Procedure).

### REQUEST FOR DISCLOSURE

34. Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Civil Rules of Procedure 194.2(a)-(f), (i), and (l).

### PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests this Court to award him the following relief:

A. Enter declaratory judgment that Defendant's discrimination and violations of law have prevented, and continue to prevent, Plaintiff, and those similarly situated, from fully accessing and enjoying Uber Technologies, Inc. and its services, in violation Chapter 121;

B. Issue a permanent injunction, requiring Defendant, its agents, employees, and persons acting in concert with Defendant, to cease all discrimination and eliminate all barriers described herein that prevent Plaintiff from having access to the goods, services, facilities, privileges, advantages and accommodations Defendant offers; enjoining Defendant from failing and refusing to provide Plaintiff equal access to their facilities, goods, and services; ordering Defendant to develop policies and procedures to ensure that people with disabilities have equivalent access to Defendant's transportation services during all hours of operation; and forcing Defendant to comply with Chapter 121 in the future;

C. Award Plaintiff actual and statutory damages in an amount not to exceed $500.00 under Chapter 121;

D. Find Plaintiff is the prevailing party in this action, and order Defendant to pay costs and reasonable and necessary attorneys' fees, as are equitable and just, in an amount not to exceed $69,500.00; and,

E. Grant all other and additional relief to which Plaintiff may be entitled, at law or in equity.

Dated: September 11, 2014.

Respectfully submitted,

/s/ Joseph P. Berra
Joseph P. Berra
State Bar No. 24027144
James C. Harrington
State Bar No. 09048500
Wayne Krause Yang
State Bar No. 24032644

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Drive
Austin, Texas 78741-3438
 (512) 474-5073 [phone]
 (512) 474-0726 [fax]

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2014, a true copy of this document was served on the following counsel for Defendant Uber Technologies, Inc. via the Electronic Case Filing system for the Western District:

Case 1:14-cv-00823-LY   Document 5   Filed 09/11/14   Page 9 of 9

Vicki L. Gillete
vgillette@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 16
Dallas, TX 75201-2931

/s/ Joseph P. Berra
Joseph P. Berra